STATE OF NORTH CAROLINA v. THOMAS EARL COOPER

No. 670A85

(Filed 3 June 1986)

1. **Criminal Law § 73.3— evidence showing condition and state of mind**

Testimony that on the night of the alleged rape the witness had a telephone conversation with the victim who was hysterical was properly admitted to show the victim's condition and state of mind.

2. **Criminal Law § 96— withdrawal of evidence—curative instruction**

Defendant was not prejudiced by the admission of his own nonresponsive answer on cross-examination which related evidence that had been excluded upon his motion *in limine* where the court allowed defendant's motion to strike and instructed the jury not to consider defendant's answer.

APPEAL by defendant from imposition of a life sentence by *Battle, J.,* at the 24 June 1985 Criminal Session of WAKE County Superior Court, upon a verdict of guilty of first degree rape upon seventeen-year-old Charlene Thompson.

The victim, Charlene Thompson, testified that defendant had sexual intercourse with her against her will and that her resistance was overcome by the threatened use of a knife.

Defendant admitted having *consensual* intercourse with Charlene Thompson.

State v. Cooper

*Lacy H. Thornburg, Attorney General, by Daniel F. McLaw-horn, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for defendant-appellant.*

PER CURIAM.

[1] Defendant assigns as error the admission of Sonya McIntyre's testimony that on the night of the alleged rape she had a telephone conversation with Charlene who was hysterical. Defendant contends that this evidence did not corroborate the testimony of the prosecuting witness and violated the hearsay rule.

This direct testimony was offered to show the victim's condition and state of mind shortly after the rape. It was not offered as corroborative evidence. Further, our examination of the record reveals that objection was not timely made, and evidence of like import had been previously admitted so that the benefit of the already late objection was lost. *See State v. Van Landingham*, 283 N.C. 589, 197 S.E. 2d 539 (1973).

[2] Defendant's remaining assignment of error relates to the admission of evidence which had been excluded by order pursuant to a motion *in limine*. On cross-examination the defendant, in response to a proper question, gave a nonresponsive answer which related the very evidence which had been excluded upon his motion *in limine*. Defense counsel did not interpose an objection until defendant had completed his answer. He then moved to strike. The court allowed his motion and instructed the jury not to consider defendant's answer. Under these circumstances, we find no merit in this assignment of error. We note in passing that the evidence attacked by this assignment of error was to the effect that defendant had been kidnapped and beaten by kinsmen of the prosecuting witness. This evidence would seem to evoke sympathy for defendant rather than prejudice his cause.

We have carefully examined this entire record and find

No error.